# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFF

**ST. PAUL FIRE & MARINE INSURANCE COMPANY**

(b) County of Residence of First Listed Plaintiff **ST. PAUL, MINNESOTA**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

**Rory Eric Jurman, Esq./Avery A. Dial, Esq.**
**Fowler White, Burnett P.A.**
**100 SE 3rd Street, Suite 2100, Ft. Lauderdale FL 33394**
**Tel: (954) 377-8100; Fax: (954) 377-8101**

## DEFENDANT

**LUKE READY AIR, LLC**

County of Residence of First Listed Defendant **PALM BEACH**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**Chris Mancini, Esq.**
**Chris Mancini, P.A.**
**330 SW 2nd Street, Suite 214**
**Fort Lauderdale, FL 33312**
**Tel: (305) 219-6919; Fax: (954) 764-7579**
**Carri Conlon, Esq.**
**Chuhak & Tecson, PC**
**30 South Wacker Drive, Suite 2600**
**Chicago, IL 60606**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl/ Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities- Employment
- ☐ 446 Amer. w/Disabilities- Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- B☐ 510 Motions to Vacate Sentence

**HABEAS CORPUS:**
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS –Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed- **(see VI below)**
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page) a) Re-filed Case ☐YES ☐NO b) Related Cases ☐ YES ☐ NO

DOCKET NUMBER

## VII. CAUSE OF ACTION

(Cite the U.S. Civil statute under which you are filing and Write Brief Statement of Cause. **(Do not cite jurisdictional statutes unless diversity.) 28 U.S.C. 1332 - Actions for Declaratory Relief between citizens of different states.**

LENGTH OF TRIAL via **1-2** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE
**January ______, 2011**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| St. Paul Fire & Marine Insurance Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Luke Ready Air, LLC and Legacy Bank of Florida | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* DENNIS G. BEDLEY
3130 N.E. 43RD STREET
FT. LAUDERDALE FL 33308 US

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Rory Eric Jurman, Esq.
Fowler White Burnett
100 SE Third Avenue, Suite 2100
Ft. Lauderdale, Fl 33394
954-377-8100

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 01/31/2011

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

St. Paul Fire & Marine Insurance Company

*Plaintiff*

v.

Luke Ready Air, LLC and Legacy Bank of Florida

*Defendant*

) ) ) ) Civil Action No. ) ) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ROBERT READY
LUKE READY AIR, LLC
7848 South Federal Highway
Hypoluxo, FL 33462

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Rory Eric Jurman, Esq.
Fowler White Burnett
100 SE Third Avenue, Suite 2100
Ft. Lauderdale, Fl 33394
954-377-8100

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 01/31/2011

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

Plaintiff,

v.

LUKE READY AIR, LLC, and
LEGACY BANK OF FLORIDA

Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("ST. PAUL"), through its undersigned counsel, sues Defendants, LUKE READY AIR, LLC ("LUKE"), and LEGACY BANK OF FLORIDA ("LEGACY") for declaratory relief and states:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a certain policy of insurance.

3. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the present claim for declaratory relief arose in this district. In addition, both Defendants' most significant contacts are in this district.

5. All conditions precedent to filing this action have occurred or ST. PAUL has complied with all conditions precedent to filing this action.

**PARTIES**

6. At all times material to this action, Plaintiff, ST. PAUL, was a Minnesota corporation with its principal place of business in ST. PAUL, Minnesota.

7. At all times material to this action, Defendant, LUKE, was a Florida corporation, with its principal place of business in Palm Beach County, Florida.

8. At all times material to this action, Defendant, LEGACY, was a Florida corporation with its principal place of business in Palm Beach County, Florida. LEGACY may have an interest in the subject matter of this litigation and may be affected by its outcome.

**FACTUAL ALLEGATIONS**

9. Luke is a company that owns airplanes which are used for charter service. One of the airplanes owned by Luke was Beechcraft King Air Tail No. N642TF ("King Air" or "Aircraft"). LEGACY holds a lien against the King Air.

10. Late in the year 2009, LUKE decided to sell the King Air.

11. In order to sell the Aircraft, LUKE engaged the services of a broker, Scott MacDonald Aircraft Sales, Inc., and its principal Scott MacDonald (collectively, "MacDonald").

12. LUKE entrusted MacDonald with possession of the Aircraft for the purpose of selling it.

13. On or about February 3, 2010, Jorge Reynoso Prado ("Reynoso") expressed an

interest in the King Air and made an offer to purchase the Aircraft.

14. Reynoso represented that he was acting on behalf of the municipal government of Guadalajara, Mexico and that as early as March 19, 2010, he received approval from the municipality to purchase the King Air.

15. On March 23, 2010, an Aircraft Purchase and Sale Agreement ("PSA") was executed by Reynoso, where Reynoso agreed to purchased the Aircraft for Six-Hundred Forty Thousand dollars ($640,000.00). Reynoso signed the PSA on behalf of GDL Aviation, Inc., which is described as a Mexican corporation in the PSA. **See Exhibit "A."**

16. On April 13, 2010, Reynoso provided a Licitation Order to MacDonald, as purported proof that he had the authority to purchase the King Air on behalf of the municipal government of Guadalajara, Mexico. Specifically, the Licitation Order indicated that the Bureau of Municipal Air Services, on behalf of the municipal government, was the purchaser of the Aircraft. See Licitation Order, attached hereto as **Exhibit "B."**

17. LUKE believed that the Licitation Order gave Reynoso authority to purchase the King Air on behalf of the municipal government of Guadalajara, Mexico.

18. On April 22, 2010, LUKE and MacDonald arranged for the King Air to be flown to Guadalajara, Mexico where the sale transaction was to close.

19. The Aircraft landed in Guadalajara on or about April 23, 2010.

20. After the Aircraft arrived in Guadalajara, Reynoso insisted that numerous repairs be made to the Aircraft.

21. On April 30, 2010, following one round of repairs, Reynoso wired a payment of $100,000.00 to MacDonald's escrow account.

22. The PSA required Reynoso to make a payment of $640,000, which is the full amount

of the purchase price of within four (4) days of the aircraft landing in Guadalajara, Mexico.

23. Reynoso never paid the remaining balance after his initial payment of $100,000. Instead, Reynoso delayed the closing process by insisting upon further repairs. At one point, Reynoso represented that checks had been issued for the remainder of the purchase price when, in fact, they had not.

24. Reynoso delayed the closing by giving false wire transfer numbers to LUKE.

25. In or about May 2010, Reynoso stopped responding to communications from LUKE and MacDonald.

26. At or approximately the same time, LUKE and MacDonald learned that the Aircraft is no longer located at the Guadalajara airport.

27. LUKE and MacDonald did not permit anyone to remove the King Air from the Guadalajara Airport.

28. Ultimately, the Guadalajaran government confirmed that no award for the purchase of aircrafts was approved by the Guadalajaran gove rnment in the year 2010. Further, the Guadalajaran government confirmed that the Bureau of Municipal Air Services (Direccion de Servicios Aereos Municiplaes) referred to in the Licitation Order *was not even a real bureau of the Guadalajaran Government*. See Composite **Exhibit "C."** Further, GDL Aviation, Inc. is not a real Mexican corporation. See **Exhibit "D."**

29. Reynoso did not apply to be a supplier for the Guadalajaran government until March 25, 2010, which is *three days after* he executed the PSA for the King Air. Furthermore, Reynoso's application was for limited authority to supply *computer equipment*, rather than aircraft. The supplier number, 4392, which Reynoso received from the city of Guadalajara after he executed the contract, was then used in the fake Licitation Order. See Composite **Exhibit "C."**

30. On September 15, 2010, Luke submitted to ST. PAUL a sworn Proof of Loss, demanding that ST. PAUL pay its policy limits of One Million One Hundred Thousand dollars ($1,100,000). See **Exhibit "E."**

31. LUKE indicated that it was not aware of the location of the Aircraft.

32. To date, the Aircraft has not been returned.

**ST. PAUL'S AIRCRAFT POLICY**

33. At all times relevant to this action, ST. PAUL had in existence an Aircraft Policy of insurance, number AV06800370 ("Aircraft Policy"), which was issued to Luke as the Named Insured and listed the King Air as a covered aircraft. A copy of the Aircraft Policy is attached hereto as **Exhibit "F."**

34. The Aircraft Policy was in effect from October 1, 2009 through October 1, 2010, and provided hull physical damage coverage for the King Air in the amount of $1.1 Million.

35. The Aircraft Policy provided coverage for "direct physical loss of or damage to" the King Air resulting from "Covered Causes of Loss" subject to certain enumerated exclusions and endorsements.

36. Specifically, *inter alia*, the Aircraft Policy excludes losses due to:

> Section 2 - Exclusions
>
> . . .
>
> 3. We will not pay for loss or damage caused by or resulting from any of the following:
>
> . . .
>
> e. Wrongful "conversion", "embezzlement" or "secretion" of the

> "covered aircraft".
>
> . . .
>
> l. Voluntary parting with any property by you or anyone else to whom you have entrusted the property if induced to do so by any fraudulent scheme, trick, device, or false pretense.
>
> . . .

37. "Conversion" is defined in the subject policy as:

> . . .
>
> Part 3 - Definitions
>
> . . .
>
> 10. "Conversion" means taking the property of others, and assuming the rights of ownership and control in the property, either permanently or for an indefinite period of time without the permission of the owner.
>
> . . .

## **DECLARATORY RELIEF**

38. Plaintiff, ST. PAUL hereby incorporates by reference and restates paragraphs 1 through 37 as is fully stated herein.

39. It is the position of ST. PAUL that the Aircraft Policy does not provide coverage for the subject loss because the Aircraft was wrongfully converted.

40. It is the position of ST. PAUL that the Aircraft Policy does not provide coverage for the subject loss because LUKE was induced to voluntarily part with the Aircraft as a result of fraudulent scheme, trick, device, or false pretense.

41. It is the position of LUKE that the subject policy provides coverage for the loss.

42. LEGACY is a proper party to this action in that its rights may be affected by the outcome of this coverage dispute.

43. An actual, present and justiciable controversy exists between the parties in this action warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY, requests this Court to enter judgment in its favor, declaring that no coverage exists under ST. PAUL FIRE & MARINE INSURANCE COMPANY's policy for the claim which has been asserted against ST. PAUL FIRE & MARINE INSURANCE COMPANY by LUKE READY AIR, LLC. ST. PAUL FIRE & MARINE INSURANCE COMPANY further requests judgment for all costs and such other relief as the Court may deem just and appropriate under the circumstances.

RORY ERIC JURMAN
Florida Bar No. 194646
Email: rjurman@fowler-white.com
AVERY A. DIAL
Florida Bar No. 732036
Email: adial@fowler-white.com
YELENA SHNEYDERMAN
Fla. Bar No. 0015718
Email: yshneyderman@fowler-white.com

FOWLER WHITE BURNETT P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101
*Counsel for Plaintiff,* ST. PAUL FIRE & MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U.S. Mail and by facsimile this 31 day of January 2011 to: Carri A. Conlon, Esq. and Fred C. Begy, III, Esq., Chuhak & Tecson, P.C., 30 South Wacker Drive, Suite 2600, Chicago, IL 60606-7413

RORY ERIC JURMAN
Fla. Bar No. 194646
Email: rjurman@Fowler-white.com
AVERY A. DIAL
Florida Bar No. 732036
Email: adial@fowler-white.com
YELENA SHNEYDERMAN
Fla. Bar No. 0015718
Email: yshneyderman@fowler-white.com

FOWLER WHITE BURNETT P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101
*Counsel for Plaintiff,* ST. PAUL FIRE & MARINE INSURANCE COMPANY

[cmj] W:\81369\COMPLA53-3.wpd{1/31/11-15:1}